TORPY, J.,
concurring in part and dissenting in part.
I concur that we should deny the motion for rehearing but would not grant the request for certification. In his motion for rehearing, Appellant urges that our decision contravenes Apprendi v. New Jersey, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), which Appellant says established a “wholly different legal landscape.” Apprendi was predicated on the constitutional right to a jury trial and held that a defendant has the constitutional right to have a jury decide all the facts that bear on the magnitude of the defendant’s punishment, except his or her prior record. Apprendi has no bearing on the issue in this case. There is no constitutional entitlement to peremptory challenges. Georgia v. McCollum, 505 U.S. 42, 57,112 S.Ct. 2348, 120 L.Ed.2d 33 (1992). Thus, this case presents a pure question of statutory/rule construction, nothing more. The statute, section 913.08(1), Florida Statutes, specifies that the number of challenges is determined from the “offense charged,” in the singular. The corresponding rule of criminal procedure, rule 3.350(c), makes clear that in a multi-count information, it is the individual count that allows for the greatest number of challenges, considered in isolation, that dictates the number of peremptory challenges for the case.[1]
Our construction of the statute is consistent with its plain language, the rule and the construction given by courts of other jurisdictions construing similarly worded statutes and rules. Appellant essentially seeks to have us re-write the texts of both the statute and rule but has offered no authority in support of the construction he urges other than our panel decision in Buchanan v. State, 927 So.2d 209 (Fla. 5th DCA 2006).[2] We have addressed and distinguished Buchanan,[3] Given the lack of any constitutional question, the plain dictates of the statute and rule, and the fact that the only precedent on which Appellant relies is our precedent, which the full court has now explained and distinguished, I cannot conclude that there exists a question of great public importance that necessitates resolution by our high court.
GRIFFIN, LAWSON and JACOBUS, JJ., concur.
Is a criminal defendant entitled to ten peremptory challenges ... where a calculation of total sentence points ... could subject the defendant to life imprisonment?

. The rule affords discretion to the trial judge to confer additional challenges. In this case, Appellant did not argue that the trial judge abused his discretion under this rule. Nor did Appellant argue that the statute controls over the rule. In fact, neither Appellant nor Appellee addressed this particular subsection of the rule at all.

. Appellant’s proposed certified question illustrates this point:

.Even accepting Appellant’s contention that "exceptional importance" is synonymous with "great public importance,” the fact that we considered this case en banc should not be taken to mean that we thought it involved an issue of exceptional importance as suggested by Appellant. We voted to hear the case en banc before releasing the panel decision. It is just as likely that we considered the case en banc to maintain uniformity in our decisions.